UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 23-31153-CLH |
| | Chapter 13 |
| VANESSA R. BALL, | |
|     Debtor. | |
| | |
| JERRY PAYNE, | |
|     Plaintiff, | |
| v. | Adv. Proc. No. 23-03023-CLH |
| VANESSA R. BALL, | |
|     Defendant. | |

**MEMORANDUM OPINION AND ORDER**

On January 30, 2024, this matter came before the Court for hearing on the Motion for Summary Judgment and Brief in Support Thereof (the "Motion") [Adv. Pro. Doc. No. 10][1] filed by Vanessa Ball (the "Defendant") and the Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment (the "Response") [Adv. Pro. Doc. No. 15] filed by Jerry Payne ("the Plaintiff"). For the reasons set forth below, the Motion is DENIED.

**I.    Jurisdiction**

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered by United States District Court for the Middle District of Alabama on April 25, 1985. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

---

[1] "Adv. Pro. Doc. No." refers to the docket number for a filing in the instant adversary proceeding, Adversary Proceeding Number 23-03023.

1

## II. Background and Procedural History

On September 20, 2021, the Plaintiff commenced a lawsuit (the "State Court Lawsuit") in the Circuit Court of Montgomery County, Alabama (the "State Court") by filing a complaint against the Defendant (the "Complaint"). [Adv. Pro. Doc. No. 10, Exhibit B]. In the Complaint, the Plaintiff asserted causes of action for "unjust enrichment," "fraudulent misrepresentation and wantonness," "breach of contract," "conversion," and "negligence and wantonness." *Id.* The asserted causes of action appear to stem in large part from an "Agreement and Promissory Note" executed by the Plaintiff and the Defendant [Adv. Pro. Doc. No. 10, Exhibit A]. Under the count for "Fraudulent Misrepresentation and Wantonness," the Plaintiff alleged, without limitation:

> 27. The misrepresentation of a material fact was done either willfully to deceive, or recklessly without knowledge, solely for the purpose of extracting money from the Plaintiff.

[Adv. Pro. Doc. No. 10, Exhibit B].

The Defendant failed to file an answer or other responsive pleading to the Complaint. On June 30, 2022, the State Court entered an order granting the Plaintiff's Motion to Deem Averments in Complaint as Admitted. [Adv. Pro. Doc. No. 15, Part 2]. On June 30, 2022, the State Court entered separately a Final Order, in which it found:

> [T]he Court finds the issues in favor of the Plaintiff, Jerry Payne and against Defendant(s) **VANESSA BALL** and **MY KIDS 2 CHILD CARE AND OUTREACH CENTER,** jointly and severally, in the amount of $47,197.85 for the breach of contract and $1.00 to compensate the Plaintiff for the Fraudulent Misrepresentation and Wantonness, Conversion, Unjust Enrichment, and Negligence and Wantonness, for a total judgment of **$47,198.85.** All for which execution may issue.

[Adv. Pro. Doc. No. 10, Exhibit C] (emphasis in original).

The Defendant's attempts to overturn the Final Order on appeal were unsuccessful, as evidenced by the Certificate of Judgment issued by the Clerk of the Alabama Court of Civil Appeals dated May 12, 2023. [Adv. Pro. Doc. No. 10, Exhibit D].

### III. The Instant Bankruptcy Case and Adversary Proceeding

On June 9, 2023, the Defendant filed a petition for relief under Chapter 13 of the Bankruptcy Code.[2] In the schedules filed with the petition, the Defendant listed the Plaintiff as a creditor holding an unsecured claim totaling $47,198.00. [Adv. Pro. Doc. No. 10, Exhibit F]. On August 15, 2023, the Plaintiff filed a proof of claim – denoted on the Claims Register as Claim 18 – in the amount of $51,078.21, which included the amount awarded in the Final Order plus post-judgment interest. [Adv. Pro. Doc. No. 10, Exhibit G].

On September 22, 2023, the Plaintiff brought the instant adversary proceeding, seeking a determination that the debt owed to the Plaintiff by the Defendant is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). [Adv. Pro. Doc. No. 1, Part 3]. On September 29, 2023, the Defendant filed an answer, generally denying "each and every material averment in Plaintiff's Complaint." [Adv. Pro. Doc. No. 7].

On October 9, 2023, the Defendant filed the Motion, arguing that under the doctrines of res judicata or collateral estoppel, the Final Order conclusively establishes that the nondischargeable judgment against the Defendant is limited to the $1.00 attributed to "Fraudulent Misrepresentation and Wantonness, Conversion, Unjust Enrichment, and Negligence and Wantonness." In response, the Plaintiff argues that a genuine issue of material fact exists as to whether the total amount awarded in the Final Order "results from" and is "traceable to" the Defendant's fraudulent actions.

---

[2] All references to the "Code" or the "Bankruptcy Code" are to 11 U.S.C. §§ 101-1532.

3

## IV. Legal Analysis and Conclusions of Law

A. <u>Summary Judgment Standard</u>

To prevail on a motion for summary judgment, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56.[3] At the summary judgment stage, the court does not weigh the evidence and determine the truth of the matter, but instead determines only whether there is a genuine issue of material fact that requires a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The court must "resolve all ambiguities and draw all justifiable inferences in favor of the nonmoving party." *Marshall v. Fair Lanes Maryland Bowling, Inc.*, 118 F.3d 1487, 1488 (11th Cir. 1997).

As the movant, the Defendant must establish the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Defendant asserts that, based on the doctrines of res judicata or collateral estoppel, no genuine issue of material fact exists because the Final Order constitutes a sufficient finding of "false pretenses, a false representation, or actual fraud" to determine that only $1.00 of the total damages award is non-dischargeable. The Defendant argues that because the Final Order awarded $47,197.85 to the Plaintiff for "breach of contract" and $1.00 to the Plaintiff for "fraudulent misrepresentation and wantonness, conversion, unjust enrichment, and negligence and wantonness," all but $1.00 of the amount awarded in the Final Order is dischargeable under the doctrines of res judicata or collateral estoppel.

---
[3] Rule 56(a) of the Federal Rules of Civil Procedure is incorporated and made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

B. Nondischargeability under Section 523(a)(2)(A)

To prevail on a claim under § 523(a)(2)(A), a plaintiff must prove that an individual debtor obtained money, property, services, or credit by "false pretenses, a false representation or actual fraud." 11 U.S.C. § 523(a)(2)(A). Under applicable Eleventh Circuit case law, to except a particular debt from discharge under § 523(a)(2)(A), a creditor must prove that "(1) the debtor made a false representation with the intention of deceiving the creditor, (2) the creditor relied on the false representation, (3) the reliance was justified, and (4) the creditor sustained a loss as a result of the false representation." *Taylor v. Wood (In re Wood)*, 245 Fed. Appx. 916, 917-18 (11th Cir. 2007) (citing *Sec. & Exch. Comm'n v. Bilzerian (In re Bilzerian) (Bilzerian II)*, 153 F.3d 1278, 1281 (11th Cir. 1998)).

The standard of proof under § 523(a)(2)(A) is a preponderance of the evidence. *Sec. & Exch. Comm'n v. Bilzerian (In re Bilzerian) (Bilzerian I)*, 100 F.3d 886, 892 (11th Cir. 1996), *cert. denied*, 523 U.S. 1093, 118 S.Ct. 1559, 140 L.Ed.2d 791 (1998); *see also Grogan v. Garner*, 498 U.S. 279, 291 (1991) (holding § 523 actions are determined by a preponderance of the evidence standard). However, "'exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start.'" *Harris v. Jayo (In re Harris)*, 3 F.4th 1339, 1345 (11th Cir. 2021) (quoting *In re Hudson*, 107 F.3d 355, 356 (5th Cir. 1997)).

C. Collateral Estoppel

Collateral estoppel prevents the relitigation of issues already litigated and determined by a valid and final judgment in another court. *Bilzerian I*, 100 F.3d at 892. Under certain circumstances, the factual and legal findings litigated outside of a bankruptcy court may be applied in a dischargeability proceeding through the application of collateral estoppel. *Grogan*, 498 U.S.

at 286 ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a).").

When analyzing the preclusive effect of a state court judgment, bankruptcy courts in dischargeability proceedings are required to utilize the estoppel law of the state where the judgment was rendered. *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 676 (11th Cir.1993); *Vazquez v. Metro. Dade Cnty.*, 968 F.2d 1101, 1106 (11th Cir. 1992) ("[F]ederal courts considering whether to give preclusive effect to state court judgments must apply the State's law of collateral estoppel."). For a state court judgment to have collateral estoppel effect in an action under § 523, "it must be clear that the factual determinations made by the trier of fact parallel the facts necessary to meet the federal standard of non-dischargeability." *Atchley v. Stover (In re Stover)*, 88 B.R. 479, 483 (Bankr.S.D.Ga.1988).

In this case, the Final Order was issued by an Alabama state court. Accordingly, Alabama collateral estoppel law applies. Under Alabama collateral estoppel law:

> (1) [t]he issue must be identical to the one involved in the previous suit; (2) the issue must have been actually litigated in the prior action; and (3) the resolution of the issue must have been necessary to the prior judgment.

*Ex parte Flexible Products Co.*, 915 So. 2d 34, 45 (Ala. 2005) (quoting *Martin v. Reed*, 480 So. 2d 1180, 1182 (Ala. 1985)). Under the first prong of collateral estoppel, the Plaintiff's claim in the State Court Lawsuit for "Fraudulent Misrepresentation and Wantonness" must be identical to the Plaintiff's claim that the Defendant obtained money, property, services, or credit by "false pretenses, a false representation or actual fraud" under 11 U.S.C. § 523(a)(2)(A). Under the second prong, the issue of whether the Defendant obtained money, property, services, or credit by false pretenses, a false representation or actual fraud must have been actually litigated in the State Court Lawsuit. Under the third prong, the issue of whether Defendant obtained money, property,

services, or credit by false pretenses, a false representation or actual fraud must have been necessary to the State Court's entry of the Final Order. If any of the three prongs is absent, collateral estoppel does not apply. *See Ex parte Flexible Products Co.*, 915 So. 2d at 45.

As set forth below, the Defendant does not satisfy her burden as to the three requirements that are needed for this Court to apply collateral estoppel to the Final Order.

1. <u>An identity of issues may exist between the claims asserted in the State Court Lawsuit and the elements required under 11 U.S.C. § 523(a)(2)(A).</u>

"The doctrine of collateral estoppel only applies if the precise issue presented in the current action was directly in question in the prior action, and the judgment rendered in the prior action was rendered on that issue." *Coyle v. Alabama Power Co.*, 611 So. 2d 1019, 1020 (Ala. 1992) (emphasis added). "Because of the difficulty in determining whether there is an identity of issues between state court actions and subsequent dischargeability actions, '[a]ny reasonable doubt as to what was decided by a prior judgment . . . should be resolved against using it as an estoppel.'" *Harris*, 3 F.4th at 1346 (quoting *In re Kuncman*, 454 B.R. 276, 283 (Bankr. E.D. N.Y. 2011)). To determine whether an identity of issues exists, the Court must compare each element of the Plaintiff's claim for "Fraudulent Misrepresentation and Wantonness" in the State Court Lawsuit and the elements necessary to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A).

A fraudulent misrepresentation claim under Alabama law has four elements: "(1) that the defendant made a misrepresentation; (2) that that misrepresentation concerned a material existing fact; (3) that the plaintiff relied on the misrepresentation and (4) that the reliance was to the plaintiff's detriment." *Lawson v. Harris Culinary Enterprises, LLC*, 83 So. 3d 483 (Ala. 2011). Under ALA. CODE § 6-5-101, a false representation, even if made by mistake or innocently, is actionable and entitles a plaintiff to relief. *Hall Motor Co. v. Furman*, 285 Ala. 499, 504 (1970). Fraudulent intent, intent to deceive, and knowledge by the defendant of the falsity of his or her

representation are not essential to a recovery. ALA. CODE § 6-5-101; *see Standard Oil Co. v. Johnson*, 276 Ala. 578, 581 (1964); *see also First Nat'l Bank of Auburn v. Dowdell*, 275 Ala. 622, 626, 157 So.2d 221, 225 (1963); *see also Barrett v. Hanks*, 275 Ala. 383, 385, 155 So. 2d 339, 342 (1963).

Under § 523(a)(2)(A), a debt may be nondischargeable if it was incurred through false pretenses, a false representation, or actual fraud. In the context of false pretenses, the plaintiff must establish intent to defraud, but with respect to a false representation, the plaintiff can prevail if false statements were made with a reckless disregard for the truth. *See Acceptance Loan Co. v. Christopher (In re Christopher)*, 578 B.R. 842, 847-48 (Bankr. S.D. Ala. 2017) ("The concept of 'false pretenses' is especially broad. It includes any intentional fraud or deceit practiced by whatever method in whatever manner."..."Reckless disregard for the truth can constitute a false representation."); *see also In re Booth*, 174 B.R. 619, 623 (Bankr. N.D. Ala. 1994) ("The term 'reckless' has been interpreted to be the equivalent of intentional.").

In the Plaintiff's claim for "Fraudulent Misrepresentation and Wantonness," the Plaintiff alleged that the Defendant acted "either willfully to deceive, or recklessly without knowledge, solely for the purpose of extracting money from the Plaintiff." While the Complaint alleges alternative factual grounds for a single fraud claim, each of those grounds would be independently sufficient to establish Plaintiff's claim for "Fraudulent Misrepresentation and Wantonness" under Alabama law. *See Ex parte Smith*, 412 So. 2d 1222, 1225 (Ala. 1982) (reasoning that fraudulent intent is not essential to recover under section 6–5–101 of the Code of Alabama). Likewise, under § 523(a)(2)(A), fraud may be established by either an intentional misrepresentation or representations made with reckless disregard for the truth. Therefore, the Complaint likely has alleged facts sufficient to satisfy the first element under § 523(a)(2)(A).

Next, to establish a claim of nondischargeability under § 523(a)(2)(A), the Plaintiff must show he relied on the Defendant's false representation and his reliance was justified. Section 523(a)(2)(A) requires proof of "justifiable, but not reasonable, reliance." *Field v. Mans*, 516 U.S. 59, 74, 165 S. Ct. 437, 133 L. Ed. 2d 351 (1995). "Justifiable reliance is determined by a subjective standard 'based on the creditor's own abilities and knowledge, or the knowledge that [the creditor] should have from the facts that are available to [it].'" *In re Gilbert*, 631 B.R. 921, 927 (Bankr. N.D. Fla. 2021) (citations omitted); *see In re Vann*, 67 F.3d 277, 283 (11th Cir. 1995). Under Alabama law, the standard for a finding of fraud is reasonable reliance. *See Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997) (concluding the "justifiable reliance" standard should be replaced with the "reasonable reliance" standard). Nevertheless, the Complaint alleged that "[t]he Plaintiff *justifiably* relied on the misrepresentation to his detriment; . . . " (emphasis added). While the Complaint may have incorrectly pled the reliance standard for the State Court Lawsuit, its allegations are sufficient for § 523(a)(2)(A) purposes.

The final element required under § 523(a)(2)(A) to establish a claim of nondischargeability requires the Plaintiff show that he sustained a loss resulting from the false representation. Similarly, under Alabama law, the Plaintiff must show that his reliance on the Defendant's misrepresentation was to his detriment. In the Complaint, the Plaintiff alleged his "reliance on Defendant's misrepresentation caused him to suffer $47,197.85 in damages," and the State Court entered the Final Order awarding a total judgment of $47,198.85. As such, these elements are identical.

At set forth above, at least facially, the facts as pled in the Complaint reflect an identity of issues between the "Fraudulent Misrepresentation and Wantonness" allegation in the Complaint

9

and establishing nondischargeability under § 523(a)(2)(A). Accordingly, the first prong of applying collateral estoppel likely is satisfied.

2. The issue of fraud was not "actually litigated" in the State Court Lawsuit.

Despite finding an identity of issues between the elements of the fraud claim in the State Court Lawsuit and the elements of § 523(a)(2)(A), the Court's inquiry into whether collateral estoppel applies is not complete. The second prong of collateral estoppel requires a showing that the issue was "actually litigated" in the prior proceeding. *Ex parte Flexible Products, Co.*, 915 So. 2d at 47. To establish this prong, the issue must have been "properly raised, by the pleadings or otherwise," must have been "submitted for determination," and must have been determined. *Sibille v. Davis*, 80 F. Supp. 3d 1270, 1278 (M.D. Ala. 2015).

The State Court entered the Final Order by way of a default judgment due to the Defendant's failure to appear and defend the State Court Lawsuit. To determine what effect to give to the Final Order, this Court must look to how Alabama state courts apply collateral estoppel to default judgments. *Harris*, 3 F.4th at 1344 ("Because we have left open what effect to give a state-court default judgment in a § 523(a)(2)(A) dischargeability proceeding, we need to determine how [state] courts treat default judgments and how they apply collateral estoppel to such judgments.").

Alabama state courts generally have declined to apply collateral estoppel to default judgments, reasoning that issues have not been "actually litigated" when a party did not appear and offer a defense. *See Malfatti v. Bank of Am., N.A.*, 99 So. 3d 1221, 1225-26 (Ala. 2012) ("Under Alabama law, a so-called 'simple default' entered upon a party's failure to answer and defend does not satisfy the 'actually litigated' requirement of collateral estoppel and issue preclusion and, thus, has no preclusive effect in a subsequent action."); *AAA Equipment & Rental, Inc. v. Bailey*, 384 So. 2d 107, 112 (Ala. 1980) (describing "actually litigated" as obtaining a

10

Case 23-03023    Doc 19    Filed 03/06/24    Entered 03/06/24 10:19:12    Desc Main
Document    Page 10 of 14

judgment that "was not based upon default, stipulation, or consent"); *McDaniel v. Harleysville Mut. Ins. Co.*, 84 So. 3d 106, 112 (Ala. Civ. App. 2011) (noting that "an issue has not been actually litigated in a prior action if that action was resolved by a default judgment").

The Defendant relies on *Phillips v. Montoya*, 253 So. 3d 438 (Ala. Civ. App. 2017) to support her argument that the Final Order constitutes a final judgment on the merits sufficient for res judicata purposes. The default judgment at issue in *Phillips* was entered in relation to a counterclaim filed and implicitly denied in a prior proceeding. *Phillips v. Montoya*, 253 So. 3d at 440. In the prior proceeding, Montoya sued Phillips, and Phillips filed a counterclaim based on negligence, wantonness, breach of contract, misrepresentation, breach of express warranty, breach of implied warranty, and slander of title. *Id.* Phillips failed to appear at trial and the court entered default judgment against Phillips and awarded damages. *Id.* Phillips later filed a separate lawsuit for the same claims alleged in the counterclaim in the prior proceeding. *Id.* Montoya subsequently moved for summary judgment, asserting the claims were barred by res judicata because the claims were adjudicated by the prior judgment. *Id.* The circuit court agreed and entered judgment dismissing the case. *Id.* On appeal, the Alabama Court of Civil Appeals affirmed, concluding the failure to appear at trial was an implicit denial of any pending counterclaim and the default judgment entered was a final judgment on the merits, satisfying the first element of res judicata. *Phillips v. Montoya*, 253 So. 3d at 442.

The Court finds the *Phillips* case is distinguishable. First, the *Phillips* case and the case at bar are factually dissimilar. The Final Order entered in this case was a result of the Defendant's failure to file an answer or other responsive pleading in the State Court Lawsuit. Second, the court in *Phillips* examined the elements of res judicata (claim preclusion), rather than the appropriate

11

doctrine of collateral estoppel (issue preclusion). *See Grogan,* 498 U.S. at 285 n. 11; *In re St. Laurent*, 991 F.2d at 675 ("Collateral estoppel principles apply to dischargeability proceedings.").

Instead, this Court is persuaded by the case of *Malfatti v. Bank of America, N.A.*, 99 So. 3d 1221 (Ala. 2012), wherein the Alabama Supreme Court answered a certified question from the Ninth Circuit Bankruptcy Appellate Panel interpreting the issue-preclusive effect of default judgments in relation to discovery orders under Alabama state law in a subsequent nondischargeability proceeding. In discussing collateral estoppel law in Alabama, the Court noted:

> It is clear from the foregoing, as the BAP acknowledges and the parties concede, that Alabama law does not afford collateral-estoppel/issue-preclusive effect to default judgments because a default judgment, by its very nature, cannot satisfy the requirement that the issue has been "actually litigated" in a prior action. *See, e.g.*, *Crowder v. Red Mountain Mining Co.,* 127 Ala. 254, 258, 29 So. 847, 849 (1900) ("While a judgment by default is a judgment on the merits of the cause of action contained in the complaint, yet there is no contest, nor is there any issue litigated. The confession by default does not extend further than to the legality of the demand made by the complaint.").

*Malfatti*, 99 So. 3d at 1225-26. In answering the question in the negative – that a default judgment based on a discovery sanction is not sufficient for collateral estoppel purposes in a later proceeding – the Alabama Supreme Court reasoned that

> For purposes of determining whether an issue is precluded by the doctrine of collateral estoppel, Alabama law makes no distinction between a simple default and a penalty default. There are 'clear controlling precedents in the decisions,' Rule 18, Ala. R. App. P., of this Court adhering to the traditional federal view denying preclusive effect to all default judgments on the ground that preclusive effect should not be given to claims that were not actually litigated in a prior action.

*Id.* at 1228 (citations omitted). Therefore, this Court adopts the reasoning of long-standing Alabama case law and holds the Final Order – rendered by default – fails to satisfy the "actually

litigated" prong of collateral estoppel. Accordingly, the Defendant has failed to satisfy the second prong required to apply collateral estoppel.

    3. <u>A finding of fraud was not necessary to the Final Order.</u>

As set forth above, collateral estoppel cannot be applied because the fraud issue was not actually litigated in the State Court Lawsuit. However, for the sake of completeness, the Court will analyze the final prong of collateral estoppel in the context of this case.

The final prong required to apply collateral estoppel is that the issue of fraud was necessary to the State Court's determination. The fundamental question is whether the outcome of the prior case "hinged" upon the determination of the issue. *Sibille v. Davis*, 80 F. Supp. 3d 1270, 1281 (M.D. Ala. 2015). "The critical and necessary prong of the collateral estoppel test ensures that the prior court actually addressed or decided the issue in the former suit before it can be held as conclusive in subsequent litigation." *In re Jones*, 611 B.R. 685, 699 (Bankr. M.D. Ala. 2020) (citations omitted).

The State Court entered the Final Order by way of a default judgment and, as such, failed to include any detailed findings by the State Court. While the Final Order did set forth a $1.00 award for the "Fraudulent Misrepresentation and Wantonness" claim, it was aggregated with all claims set forth in the Complaint other than the claim for breach of contract. Because the State Court failed to include any specific findings, it is impossible to deduce the State Court's reasoning for the $1.00 award or whether the fraud issue was properly considered by the State Court. *See In re St. Laurent*, 991 F.2d at 676 ("If the judgment fails to distinguish as to which of two or more independently adequate grounds is the one relied upon, it is impossible to determine with certainty what issues were in fact adjudicated, and the judgment has no preclusive effect."). As such, the determination of fraud was not necessary to the Final Order. Thus, the third prong of collateral estoppel has not been established.

## IV. Conclusion

The Final Order is not entitled to preclusive effect in this case because the elements of collateral estoppel have not been met. In the absence of collateral estoppel, there exist genuine issues of material fact as to the whether a discharge of the Defendant's claim is appropriate in this case. For the reasons set forth above, it is ORDERED that the Motion is DENIED.

Done this 6th day of March, 2024.

Christopher L. Hawkins
United States Bankruptcy Judge

c: John Hunter Henderson, Attorney for Plaintiff
Stephen L. Klimjack, Attorney for Defendant